FILED

04/27/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 12, 2018

## IN RE ESTATE OF JAMES E. MILLER

**Appeal from the General Sessions Court for Monroe County**
**No. 2010-117          Dwaine Thomas, Judge**

_____

## No. E2018-00658-COA-T10B-CV

_____

This accelerated interlocutory appeal is taken from the trial court's denial of Appellant's motion for recusal. Because we find no evidence of any bias that would require recusal under Tennessee Supreme Court Rule 10B, we affirm the judgment of the trial court.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

John M. Lawhorn, Knoxville, Tennessee, for the appellant, Mechelle Miller.

John William Cleveland, Sweetwater, Tennessee, for the appellee, Vickie C. Miller.

## OPINION

### I. Background

This case arises from a restated motion to recuse that was filed in the trial court following the release of *In re: Estate of James E. Miller*, No. E2016-01047-COA-R3-CV, 2017 WL 2820084 (Tenn. Ct. App. June 29, 2017) ("*Miller I*"). James E. Miller, Decedent, died intestate on July 17, 2010. Vickie Miller, ("Appellee," or "Widow") petitioned the trial court for letters of administration. At issue was the ownership of Jim Miller Excavating Company, Inc. ("the Corporation"), the company operated by the Decedent. Widow argued that she was the owner of all 1,000 shares of stock the Corporation issued to "Jim Miller and Vicky [*sic*] Miller JTROS" shortly after the

company's incorporation in April 1990. *Id.* at *1. Mechelle Miller ("Appellant") and Jamie L. Shannon, Decedent's daughters and heirs of the estate, argued that the stock certificate was invalid and that the Corporation's assets should be part of Decedent's estate. The daughters filed a copy of the Corporation's bylaws, which stated that Decedent was the sole shareholder. *Id.* The trial court granted Widow's motion for summary judgment. Mechelle Miller appealed. In *Miller I*, we held that there was a genuine issue of material fact as to whether the Corporation's directors and incorporators intended the company to be owned by Decedent and Widow as joint tenants with rights of survivorship. *Id.*

Following remand, Appellant filed a restated motion to recuse, in which she alleged that the trial court's order granting summary judgment "demonstrated bias/prejudice, prejudged legal issues, and misapplied legal principles to such an extent and degree that recusal is warranted." On March 22, 2018, the trial court entered an order denying Appellant's restated motion to recuse. The trial court's order states in relevant part, that Appellant's motion to recuse

> shows no basis under statutory or case law, further, the court finds that it is common practice for cases to be remanded from the Court of Appeals to the trial court for correction or with instructions contrary to the trial court's original decision. Without showing of a reason recognized by statute or case law, recusal from a case merely because of a remand from a superior court creates a 'slippery slope' that could needlessly delay the administration of the courts and allow forum shopping by litigants.

On April 11, 2018, Appellant filed a timely appeal. After reviewing the petition and supporting documents, we have determined that an answer, additional briefing and oral argument are unnecessary. Accordingly, we will act summarily on the appeal in accordance with Tenn. Sup.Ct. R. 10B, §§ 2.05 and 2.06.

## II. Issues

Although Appellant presents three issues for review, the only order this Court may review on an appeal pursuant to Tennessee Supreme Court Rule 10B is the trial court's order denying a motion to recuse. *Duke v. Duke,* 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]"). Accordingly, the sole issue is whether the trial court erred in denying the Appellant's motion for recusal. *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015).

## III. Standard of Review

Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." ***Williams by & through Rezba***, 2015 WL 2258172, at \*5 (citing ***McKenzie v. McKenzie,*** No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at \*3 (Tenn. Ct. App. Feb. 11, 2014)).

## IV. Analysis

Appellant argues that the trial judge should have recused himself under Tennessee Supreme Court Rule 10, Canon 2, Rule 2.11(A). This Rule provides, in pertinent part:

> A Judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned….

Tenn. Sup. Ct. R. 10, Canon 2, Rule 2.11(A). Comment 1 to the rule states that "[u]nder this Rule, a judge is disqualified whenever the judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions … apply." Tenn. Sup. Ct. R. 10, Canon 2, Rule 2.11, cmt.1.

A trial judge's adverse rulings are not usually sufficient to establish bias. ***State v. Cannon,*** 254 S.W.3d 287, 308 (Tenn. 2008). "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." ***Alley v. State,*** 882 S.W.2d 810, 821 (Tenn. Crim. App. April 20, 1994). As the Tennessee Supreme Court has explained:

> [T]he mere fact that a judge has ruled adversely to a party or witness ... is not grounds for recusal. . . . If the rule were otherwise, recusal would be required as a matter of course since trial courts necessarily rule against parties and witnesses in every case, and litigants could manipulate the impartiality issue for strategic advantage, which the courts frown upon.

***Davis v. Liberty Mut. Ins. Co.,*** 38 S.W.3d 560, 565 (Tenn. 2001). Here, Appellant's only allegations involve the trial court's errors that led to the grant of summary judgment being overturned in ***Miller I,*** 2017 WL 2820084 (Tenn. Ct. App.). However, this Court has explained that:

> Generally, in order to justify recusal, any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case. If the bias is alleged to stem from events occurring [sic] in the course of the litigation of the case, the party seeking recusal has a greater burden to show bias that would require recusal, i.e. , that the bias is so

pervasive that it is sufficient to deny the litigant a fair trial.

*McKenzie v. McKenzie*, 2014 WL 575908 at *3.  Here, Appellant's motion for recusal cites the errors of the trial court during litigation, but contains no averments of bias from "extrajudicial sources."  As such, Appellant has failed to meet her burden to show "a reasonable basis for questioning the judge's impartiality." *State v. Hester,* 324 S.W.3d 1, 73 (Tenn. 2010); *In re Conservatorship of Tate*, No. M2012-01918-COA10BCV, 2012 WL 4086159, at *2-3 (Tenn. Ct. App. Sept. 17, 2012).  Accordingly, we conclude that the trial court did not err in denying recusal.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order denying the motion for recusal.  The case is remanded to the trial court for such further proceedings as are necessary and consistent with this Opinion.  Costs on the appeal are assessed against the Appellant, Mechelle Miller and her surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE